FILED
APR 26 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| GEORGE THOMAS DeMERS,<br><br>Petitioner,<br><br>vs.<br><br>MIKE BATISTA, Director, Montana Department of Corrections; and LEROY KIRKEGARD, Warden, Montana State Prison,<br><br>Respondents. | Cause No. CV 13-76-M-DWM-JCL<br><br>ORDER and<br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On April 18, 2013, Petitioner George Thomas DeMers filed this action for writ of habeas corpus under 28 U.S.C. § 2254. DeMers is a state prisoner proceeding with counsel Gregory A. Jackson.

## I. Motion to Seal

DeMers moves to seal Exhibits B, C, D, and E. He describes these documents as "psychological reports" containing "emotional, psychological, mental and other personal matters which are protected and privileged and confidential pursuant to the

laws of the State of Montana and the Federal Rules (42 C.F.R. Part 2), and DeMers' privacy interest out weigh[s] any interest of the general public in those matters." Mot. to Seal (doc. 2) at 1-2.

Exhibit C is a psychological evaluation containing confidential medical information. Exhibits B, D, and E are opinions regarding DeMers' suitability for parole. They contain general background information about him and the crime he committed, but they do not appear to contain any confidential information. DeMers has not identified a coherent legal basis, such as a state-law privilege, that might justify sealing them. Citing "42 C.F.R. Part 2" does not give the Court sufficient guidance as to which provision would apply, nor do regulations enacted by the executive branch of the United States government generally determine whether a federal court's records should be sealed or made public.

Further, because DeMers relies on these exhibits to show why the Montana Board of Pardons and Parole is wrong to deny him release on parole, it is difficult to understand why his "privacy interest" would outweigh the public's interest in access to documents representing the bases of public officials' decisions.

Pursuant to D. Mont. L.R. CR 49.1(a)(2)(C), Exhibit C may be maintained under seal. All other exhibits must be filed in the public record of the case.

## II. Merits

Although the petition is likely untimely, it fails on the merits. DeMers does not claim he was denied an opportunity to be heard or failed to receive a statement of the reasons why his application for parole was denied. He claims the evidence supported his release, and he asks the Court to grant him parole. Pet. (doc. 1) at 15-16.

This Court could not put the matter more clearly than the United States Supreme Court has:

> As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether *the procedures* followed by the State were constitutionally sufficient. Here, the Ninth Circuit held that California law creates a liberty interest in parole. While we have no need to review that holding here, it is a reasonable application of our cases. See *Board of Pardons v. Allen*, 482 U.S. 369, 373-381 (1987).
> 
> Whatever liberty interest exists is, of course, a state interest created by [state] law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures . . . [to ensure the prisoner] was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. "The Constitution . . . does not require more."
> 
> *That should have been the beginning and the end of the federal habeas courts' inquiry* . . . . Instead, however, the Court of Appeals reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence. . . . No opinion of ours supports converting [a state's] "some evidence"

3

rule into a substantive federal requirement. The liberty interest at issue here is the interest in receiving parole when the [state] standards for parole have been met, and the minimum procedures adeq uate for due-process protection of that interest are those set forth in *Greenholtz*.[1] *Greenholtz* did not inquire into whether the constitutionally requisite procedures provided by Nebraska produced the result that the evidence required; a fortiori it is no federal concern here whether [a state's] "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied.

It will not do to pronounce [the state's] "some evidence" rule to be "a component" of the liberty interest. Such reasoning would subject to federal-court merits review the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law. To the contrary, we have long recognized that "a 'mere error of state law' is not a denial of due process." Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioners] received, *not whether the state court decided the case correctly*.

... The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing [a State's] parole system are properly applied rests with [the State's] courts, and *is no part of the Ninth Circuit's business*.

*Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 861-63 (2011) (most internal citations omitted) (emphases added).

Concluding that the Board "unreasonably determined the facts in light of the evidence" is precisely what DeMers asks this Court to do. He claims he was not provided an *adequate* statement of reasons. But, as he does not claim he was denied an opportunity to be heard, and he does not claim he was not provided a statement of

---

[1] *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1 (1979).

4

reasons for the denial of parole, that is "the beginning and the end of the federal habeas courts' inquiry." The petition should be denied on the merits.

As DeMers does not in fact allege he was deprived of due process under federal law, he does not make a substantial showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## ORDER

DeMers' motion to seal (doc. 2) is GRANTED as to Exhibit C and DENIED as to all other exhibits.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), DeMers may serve and file written

objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If DeMers files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude DeMers from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 26th day of April, 2013.

Jeremiah C. Lynch
United States Magistrate Judge