IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

**FILED**

MAY 1 6 2013

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| GEORGE THOMAS DEMERS, | CV 13–76–M–DWM–JCL |
| Appellant, | |
| vs. | ORDER |
| MIKE BATISTA, Director, Montana Department of Corrections and LEROY KIRKEGARD, Warden, Montana State Prison, | |
| Respondents. | |

Petitioner George Thomas DeMers seeks a writ of habeas corpus under 28 U.S.C. § 2254. This action was filed in the United States District Court for the District of Montana, Missoula Division April 18, 2013.[1] United States Magistrate Judge Jeremiah C. Lynch filed Findings and a Recommendation April 26, 2013. Pursuant to 28 U.S.C. § 636(b)(1), objections to the Findings and Recommendation entered by Judge Lynch were due by May 13, 2013. No objections were filed.

---

[1] According to the Local Rules of this Court, the proper venue for this matter is the Helena Division. *See* L. R. Civ. 3.2(b)(2)(B). Although this petition is improperly brought before the Missoula Division, no party interposed a timely or sufficient objection and the defect is accordingly waived. *See* 28 U.S.C. § 1406(b). Jurisdiction over this matter is proper under 28 U.S.C. § 2254, as the custodian of Petitioner is within the United States District Court for the District of Montana's territorial jurisdiction.

The Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After a review of Judge Lynch's findings and recommendation, I find no clear error. Petitioner seeks a writ of habeas corpus based on review of the merits of a decision of the Montana Board of Pardons and Parole. Petitioner does not allege he was deprived of an opportunity to be heard and does not claim the Board failed to provide him a statement of reasons for the denial of his parole. His petition is denied because this Court's inquiry on a petition for writ of habeas corpus is limited to the process Petitioner received, and cannot reach the merits of the Board's decision. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-63 (2011).

Based on the foregoing, IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc. 4) are ADOPTED IN FULL. The petition is DENIED on the merits.

IT IS FURTHER ORDERED a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by a separate document judgment in favor of Respondents and against Petitioner and shall close this case.

DATED this _11th_ day of May, 2013.

_Donald W. Molloy_
Donald W. Molloy, District Judge
United States District Court